UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:25-02649 WLH (ADS)                                    Date:  December 22, 2025

Title:  _Maura Maria Acabal Ramos v Warden of Adelanto Detention Facility, et al._

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **(IN CHAMBERS) ORDER TO SHOW CAUSE RE: MOOTNESS**

    Before the Court is a Petition for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (the "Petition") filed by Petitioner Maura Maria Acabal Ramos, by and through counsel of record, Alfonso Morales.  (Dkt. No. 1.) Petitioner asserts her immigration detention violates the Immigration and Nationality Act, the Fourth Amendment, and the Fifth Amendment.  (Id. at 7-11.)  Petitioner asks the Court to "order her immediate release from custody or, in the alternative, order [R]espondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a)."  (Dkt. No. 8 at 4.)  Respondents filed a status report that states Petitioner received a bond hearing on December 18, 2025.  (Dkt. No. 12.)  Attached to the status report is the Order of the Immigration Judge reflecting Petitioner was denied bond based on "flight risk."  (Dkt. No. 12-1.)  Respondents contend the Petition should be denied as moot.  (Dkt. Nos. 7, 12.)

    "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries."  United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987); see also NASD Disp. Resol., Inc. v. Jud. Council, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding appeal to be moot when the plaintiffs had already been granted the relief they sought).  Courts have an obligation to consider mootness sua sponte and should deny requested relief where it is superfluous.  In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005).  The "basic question in determining mootness is whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:25-02649 WLH (ADS)					Date:  December 22, 2025

Title:  _Maura Maria Acabal Ramos v Warden of Adelanto Detention Facility, et al._

there is a present controversy as to which effective relief can be granted." Nw. Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988).

     Here, Petitioner has now received a bond hearing.  The Court orders Petitioner to show cause in writing why the Petition should not be dismissed as moot by no later than January 7, 2026.  Petitioner must substantively specify what claims, if any, remain pending, the relief sought, and the factual and legal basis for each claim.  Respondents must substantively respond to the claims Petitioner contends remain by no later than January 14, 2026.  Petitioner may file a reply by no later than January 16, 2026.

     **IT IS SO ORDERED.**

Initials of Clerk kh